IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00194-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| CHRISTOPHER B. MINTZ, | ) | |

This matter is before the court on revised recommendation by the United States Probation Office regarding restitution. On February 11, 2010, the court sentenced defendant to forty-eight (48) months imprisonment and ordered defendant to pay $1,237,754.97 in restitution. In light of the record at sentencing, however, the court left open the identity of payees and the breakdown of payment, directing that additional information "be provided to the court within 90 days of imposition of judgment." In response to this directive, probation tendered its recommendation to the court on May 17, 2010, after consulting with counsel for the government and defendant.[1]

After review of these materials, more information is needed to assist the court in its restitution determination. Where, without more, it appears to the court that LPL Financial Corporation ("LPL") is a proximate victim for purposes of restitution, the court orders the parties to brief the following pursuant to 18 U.S.C. § 3664(d)(4):

---

[1] Although the ninety (90) day window has passed, such time frame is not jurisdictional. See United States v. Johnson, 400 F.3d 187, 199 (4th Cir. 2005). Nonetheless, the court maintains an obligation to resolve the matter of restitution in an expeditious manner.

1. Whether and why LPL should be considered a proximate victim of defendant's offense for purposes of restitution pursuant to 18 U.S.C. § 3663A(a)(2);

2. Should the parties believe LPL is not a victim pursuant to § 3663A(a)(2), whether and why recovery of restitution by LPL is limited to its status as a third-party provider of compensation pursuant to 18 U.S.C. § 3664(j)(1);

3. To what extent, if any, the civil settlement compensated those account holders—whose accounts include the Ida Mintz Trust; FMJ Holdings, Inc.; Frederick Mintz Marital Trust; LMN Investments, Inc.; and TLM Investments, Inc. (collectively "Mintz victims")—from whom defendant directly embezzled funds for the loss caused by defendant; and to what extent, if any, the civil settlement compensated the Mintz victims for any potential claims they had against LPL; and

4. To what extent, if any, defendant's contractual obligation to repay LPL as part of the civil settlement affects the amount of loss that LPL may recover in restitution here.

With their briefs, the parties shall file supporting affidavits or documentary evidence as appropriate. The Mintz victims and LPL are encouraged to submit affidavits of loss to the United States Probation Office, in furtherance of established protocols. All materials, herein referenced, shall be tendered to the court on or before **July 19, 2010**. The court sets this matter for hearing on final determination of restitution in the case on **July 26, 2010, at the Terry Sanford Federal Building and Courthouse, Raleigh, North Carolina at 11 a.m. in Courtroom 2, 7th floor,** at which representatives of the Mintz victims and LPL also shall appear.

In the alternative, should the parties, the Mintz victims, and LPL agree upon treatment of

2

restitution, they may tender on or before July 19, 2010, in lieu of the submissions ordered above, a proposed consent order with findings to the court in furtherance of the final determination of restitution in the case. Any proposed consent order shall include the signatures of all parties or their counsel, together with representatives of the Mintz victims and LPL. In this event, upon its review and if satisfied with same, the court's subsequent entry of the proposed order with consent of the parties, the Mintz victims and LPL also shall dispense with need for any further hearing.[2]

SO ORDERED, this 14th day of June, 2010.

*(signature)*

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] In aid to the orderly administration of this case, the United States of America promptly shall affect service of this order on the court's behalf on representatives of the Mintz victims and LPL, and certify with the court the identity of those person(s) upon whom it served on their behalf.